**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| VISUAL MEMORY LLC<br><br>Plaintiff,<br><br>v.<br><br>STMICROELECTRONICS, INC.<br><br>Defendant. | Civil Action No. 15-00370-RGA<br><br>JURY TRIAL REQUESTED |

**STMICROELECTRONICS, INC.'S ANSWER**
**TO VISUAL MEMORY LLC'S COMPLAINT**

Defendant STMicroelectronics, Inc. ("ST") hereby submits its Answer to the Complaint of Visual Memory LLC ("Visual Memory"), and alleges as follows:

**THE PARTIES**

1. ST admits that Visual Memory purports to be a Delaware corporation with a place of business located in Dallas, Texas.

2. ST admits that defendant STMicroelectronics, Inc. is a Delaware Corporation with its principal place of business located in Coppell, Texas.

**JURISDICTION AND VENUE**

3. ST admits that this action purportedly arises under the Patent Act, 35 U.S.C. § 1 *et seq*.

4. ST admits that this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a). Except as expressly admitted, ST denies the allegations of Paragraph 4 of the Complaint.

5. ST admits that it conducts business in Delaware but expressly denies all allegations of infringement in any form. Except as expressly admitted, ST denies the allegations of Paragraph 5 of the Complaint.

6. ST admits that it is subject to personal jurisdiction in this judicial district. ST denies that this forum is convenient for the parties and witnesses and reserves all rights to seek transfer of the present action to a more convenient forum. Except as expressly admitted, ST denies the allegations of Paragraph 6 of the Complaint.

**THE PATENTS-IN-SUIT**

7. ST admits that U.S. Patent No. 5,654,932 (the "'932 patent"), is titled "Memory Devices With Selectable Access Type And Methods Using The Same." ST admits that a copy of the '932 patent was attached as Exhibit A to a copy of the Complaint served on ST. Except as expressly admitted, ST denies the allegations of Paragraph 7 of the Complaint.

8. ST admits that U.S. Patent No. 6,026,027 (the "'027 patent"), is titled "Flash Memory System Having Memory Cache." ST admits that a copy of the '027 patent was attached as Exhibit B to a copy of the Complaint served on ST. Except as expressly admitted, ST denies the allegations of Paragraph 8 of the Complaint.

9. ST is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9 of the Complaint and on that basis denies them.

**COUNT I -- INFRINGEMENT OF U.S. PATENT NO. 5,654,932**

10. ST repeats its responses to paragraphs 1 through 9 of the Complaint as if fully set forth herein.

11. ST denies the allegations of Paragraph 11 of the Complaint.

12. ST denies the allegations of Paragraph 12 of the Complaint.

**COUNT II -- INFRINGEMENT OF U.S. PATENT NO. 6,026,027**

13. ST repeats its responses to paragraphs 1 through 12 of the Complaint as if fully set forth herein.

14. ST denies the allegations of Paragraph 14 of the Complaint.

15. ST denies the allegations of Paragraph 15 of the Complaint.

**JURY DEMAND**

No response is required to Visual Memory's Jury Demand.

**PRAYER FOR RELIEF**

ST denies that Visual Memory is entitled to any relief whatsoever from ST or the Court, either as prayed for in Visual Memory's Complaint or otherwise. ST has not infringed, directly or indirectly, any valid and enforceable claim of the '932 patent and the '027 patent, and Visual Memory is not entitled to any remedy or recovery. To the extent that Visual Memory's Prayer for Relief is interpreted to contain any factual allegations, ST denies them.

**GENERAL DENIAL**

ST further denies each and every allegation contained in Visual Memory's Complaint that was not specifically admitted, denied, or otherwise responded to in this Answer.

**AFFIRMATIVE DEFENSES**

Without admitting or acknowledging that it bears the burden of proof as to any of them, ST asserts the following affirmative defenses:

**FIRST AFFIRMATIVE DEFENSE**

The Complaint fails to state a claim upon which relief may be granted and/or fails to plead the allegations with sufficient particularity.

**SECOND AFFIRMATIVE DEFENSE**

ST does not infringe and has not infringed, either directly or indirectly, literally or under the doctrine of equivalents, contributed to the infringement of, or induced the infringement of any properly construed, valid and/or enforceable claim of the '932 and '027 patents.

**THIRD AFFIRMATIVE DEFENSE**

One or more claims of the '932 and '027 patents are invalid and/or void because they are anticipated and/or rendered obvious by the prior art or otherwise fail to satisfy one or more of the requirements of patentability, including but not limited to those arising under 35 U.S.C. §§ 101, 102, 103, and/or 112.

**FOURTH AFFIRMATIVE DEFENSE**

By reason of the prior art and/or statements and representations made to and by the U.S. Patent and Trademark Office during the prosecution of the applications that led to the issuance of the ’932 and ’027 patents, the claims of the ’932 and ’027 patents are so limited under the doctrine of prosecution history estoppel that none of the claims may be properly construed as covering any product, process, method, or activity of ST.

**FIFTH AFFIRMATIVE DEFENSE**

Visual Memory is barred in whole or in part by the doctrines of patent exhaustion, patent misuse, and/or first sale from enforcing the ’932 and ’027 patents against ST because, upon information and belief, memory devices associated with the accused ST products are licensed under the ’932 and ’027 patents.

**SIXTH AFFIRMATIVE DEFENSE**

Visual Memory’s claims for relief are barred, in whole or in part, by failure of Visual Memory and/or licensees under the ’932 and ’027 patents to comply with the marking and/or notice provisions of 35 U.S.C. § 287.

**SEVENTH AFFIRMATIVE DEFENSE**

Visual Memory’s claim for relief and prayer for damages are limited by 35 U.S.C. §§ 286 and 287. Visual Memory’s recovery of costs is limited under 35 U.S.C. § 288.

**EIGHTH AFFIRMATIVE DEFENSE**

To the extent that discovery establishes that Visual Memory or any prior owner failed to disclose the ’932 patent to a standard setting organization in breach of a duty to so disclose, the ’932 patent is unenforceable under the doctrine of equitable estoppel.

**NINTH AFFIRMATIVE DEFENSE**

To the extent that discovery establishes that Visual Memory or any prior owner delayed filing suit for an unreasonable and inexcusable length of time after it knew or reasonably should have known of its potential claim against ST or misleadingly communicated that it would not

bring suit, Visual Memory's claim is barred, in whole or in part, by the doctrines of equitable estoppel, waiver, laches, and/or acquiescence.

**OTHER DEFENSES RESERVED**

ST reserves all affirmative defenses under Federal Rule of Civil Procedure 8(c) and any other defenses, at law or in equity, that may be available now or in the future based on discovery or any other factual investigation in this case, including, but not limited to unenforceability due to inequitable conduct.

**ST'S PRAYER FOR RELIEF**

WHEREFORE, ST prays for relief as follows:

A. that Judgment be entered in favor of ST and against Visual Memory on each and every claim for relief of the Complaint;

B. that Judgment be entered declaring that ST has not infringed, contributed to the infringement of, or induced others to infringe the '932 patent;

C. that Judgment be entered declaring that ST has not infringed, contributed to the infringement of, or induced others to infringe the '027 patent;

D. that Judgment be entered declaring that Visual Memory is precluded from obtaining injunctive relief, money damages, costs, and/or attorneys' fees for any alleged infringement by ST;

E. that Judgment be entered declaring that this case is exceptional in favor of ST under 35 U.S.C. § 285 and that ST be awarded its reasonable attorneys' fees, expenses, and costs; and

F. that ST shall be awarded such other and further relief as may be just and proper.

**DEMAND FOR JURY TRIAL**

In accordance with Rule 38 of the Federal Rules of Civil Procedure, ST hereby demands a trial by jury.

*/s/ Jeffrey L. Moyer*
Jeffrey L. Moyer (#3309)
Selena E. Molina (#5936)
Richards, Layton & Finger, P.A.
920 N. King Street
One Rodney Square
Wilmington, DE 19801
(302) 651-7700
moyer@rlf.com
molina@rlf.com

*Attorneys for Defendant STMicroelectronics*

*Of Counsel:*
Mike Bettinger (*pro hac vice*)
Stephen Everett (*pro hac vice*)
Sidley Austin LLP
555 California Street
Suite 2000
San Francisco, CA 94104
415.772.1235
mbettinger@sidley.com
stephen.everett@sidley.com

Kristoffer Leftwich (*pro hac vice*)
Sidley Austin LLP
2001 Ross Avenue
Suite 3600
Dallas, Texas 75201
214.981.3429
kleftwich@sidley.com

Dated: July 2, 2015